# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 15-1169V
(Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * *
                                        \*
RAMONA KNORR,                           \*
                                        \*   Special Master Corcoran
       Petitioner,             \*
                                        \*   Dated: April 17, 2017
       v.                      \*
                                        \*   Attorney's Fees and Costs;
                                        \*   Interim Fees; Expert Costs.
SECRETARY OF HEALTH AND                 \*
HUMAN SERVICES,                         \*
                                        \*
       Respondent.             \*
                                        \*
* * * * * * * * * * * * * * * * * * * * * * * *

*Michael G. McLaren*, Black McLaren, et al., PC, Memphis, TN, for Petitioner.

*Kathryn A. Robinette*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On October 9, 2015, Ramona Knorr filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleges that she suffered from several injuries, including hearing loss, vasculitis, ANCA-positive microscopic polyangiitis with renal failure, and polyneuropathy as a result of receiving the influenza vaccine on November 7, 2012, and October 8, 2013. An entitlement hearing is set for October 26-27, 2017.

---

[1] This Decision has been designated "not to be published," which means I am not directing it to be posted on the Court of Federal Claims's website. However, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now requested an interim award of attorney's fees and costs, in the total amount of $64,664.53. *See generally* Motion for Interim Attorney's Fees and Expenses, dated March 6, 2017 (ECF No. 27) ("Interim Fees App.").

Respondent reacted to the motion on March 17, 2017, opposing an award of interim fees and costs at this time. ECF No. 28 ("Opp."). Respondent alleged that Petitioner has not made any special showing justifying an award of interim fees and costs, and the proceedings are not protracted enough to warrant an interim award. Opp. at 2. In the alternative, if I determine an amount of fees and costs is appropriate, Respondent defers to my discretion to determine the reasonable amount of such an award. Opp. at 3. Petitioner thereafter filed a reply on March 24, 2017, reiterating why she believes this case merits an award of interim fees and costs. ECF No. 29 ("Reply").

For the reasons stated below, I hereby **GRANT IN PART** Petitioner's Motion, awarding at this time interim fees and costs in the total amount of **$48,802.03.**

**Procedural History**

This action has been pending for approximately one and a half years. Pet. at 1, filed October 9, 2015 (ECF No. 1). As the billing invoices submitted in support of the fees application reveal, Petitioner's attorney, Michael McLaren, Esq., began working on the matter in June 2015, four months prior to filing the case. *See* Ex. 2 to Fees App. (ECF No. 27-2) at 1. The case has largely proceeded in an efficient manner. Petitioner was able to file her statement of completion by February 8, 2016, roughly four months after filing her petition. ECF No. 11. Petitioner also filed an initial expert report from Dr. Eric Gershwin the very next month, on March 3, 2016. ECF No. 12. Thereafter, Respondent filed his Rule 4(c) Report and expert reports from Drs. Chester Oddis and Lindsay Whitton on July 8, 2016. ECF Nos. 17 and 18. Petitioner then filed a supplemental expert report and associated medical literature on August 24, 2016. ECF Nos. 24-26.

Petitioner filed the present interim request for an award of attorney's fees and costs on March 6, 2017. Interim Fees App. at 1-2. In it, Petitioner argues that this case meets the requirements for an award of interim attorney's fees and costs as set forth in *Avera v. Sec'y of Health & Human Servs.*, 75 Fed. Cl. 400, 406 (2007). Particularly, she argues that this is a "good faith" case, the expenses sought are significant, and it will likely be a substantial period before the case is resolved. *Id.* at 2.

Petitioner specifically requests that Michael McLaren be compensated at a rate of $410 per hour for work performed in 2015 and $425 per hour for work performed in 2016. *Id.* at 10. She further requests that Will Cochran, Jr., receive a rate of $345 per hour for 2015 work; $355 per hour for 2016 work; and $365 per hour for 2017 work. *Id.* She then asks for compensation at a rate of $295 per hour for Chris Webb for 2015 work; and $305 per hour for 2016 work. *Id.* Petitioner

2

finally requests reimbursement for paralegal work on this matter ranging from $135 per hour to $155 per hour. *Id.*; Ex. 2 to Interim Fees App. at 20. Petitioner additionally requests $19,010.53 in litigation costs, of which $15,862.50 is associated with work performed by Petitioner's expert, Dr. Eric Gershwin. Ex. 2 to Interim Fees App. at 20-21.

Respondent filed a brief in reaction on March 17, 2017. *See generally* Opp. He objects to the payment of interim fees and costs at this time, as he does not believe that this case fits the circumstances set forth in *Avera* justifying an interim award. *Id.* at 1. Specifically, the fact that this case has been pending for just under 18 months does not qualify it as especially protracted. *Id.* at 2. He also argues that the costs of Petitioner's expert are not an inordinate amount, nor has Petitioner presented anything else to justify an award of fees and costs at this point. *Id.* at 3. In the event that I were to find Petitioner is entitled to an interim award of fees and costs, Respondent requests that I exercise my discretion to determine an appropriate amount. *Id.* at 3-4.

Petitioner thereafter filed a reply on March 24, 2017, again asserting that she has met the requirements for an award of interim fees and costs. Reply at 1. Petitioner notes that my initial order lists the requirements that I find should be met before considering a request for interim fees and costs: 1) the amount of fees requested is over $30,000; 2) the aggregate amount of expert costs is more than $15,000; and/or 3) the case has been pending for more than 18 months. *Id.* at 1-2. Petitioner notes that her requested attorney's fees total $45,654.00; the expert costs total $15,862.50; and the case has been pending for 18 months as of April 9, 2017. *Id.* at 2. Denying this request for interim fees would also cause an undue hardship, according to Petitioner, as a conclusion to the case is not imminent, and therefore Petitioner will continue to incur additional fees and costs. *Id.* at 3.

## ANALYSIS

**I.    Legal Standard Applicable to Interim Fees and Costs Requests**

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis (meaning while the case is still pending). *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6-9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5-9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before interim fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera*, 515 F.3d at 1352. While there is no presumption of entitlement to interim fees and cost awards, special masters may in their discretion make such awards and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd,* 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are

subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16.

Here, I find that Petitioner has made a showing sufficient to justify some award of interim fees and costs. Though the case is not particularly protracted, the matter is not scheduled for hearing until October of this year, thus imposing a hardship on Petitioner and her counsel for the outstanding fees and costs not yet awarded since the case's initiation. Further, in the time since the petition's filing, Petitioner has acted diligently in prosecuting this matter. While I do not envision automatically awarding interim fees in all circumstances simply because time has passed since a case's filing, I find this case meets the standards for so doing.

**II.     Challenges to the Amounts Requested for Petitioner's Attorneys**

I must now evaluate what the magnitude of Petitioner's interim attorney's fee award should be. Whether a fee award is made on an interim basis or after a case's conclusion, the requested sum must be "reasonable." Section 15(e)(1). Special masters may in their discretion reduce attorney hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Perreira*, 27 Fed. Cl. at 34 (special master has "wide discretion in determining the reasonableness" of attorney's fees and costs).

Determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[3] on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id*. at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioner asks that the three attorneys and paralegals from the Black McLaren firm who worked on this matter be reimbursed at varying rates for work performed from 2015-2017, as detailed above. I have previously found that Black McLaren is entitled to forum rates. *See Wilson v. Sec'y of Health & Human Servs.*, No. 15-521V, slip op. (Mar. 29, 2017); *Pancoast v. Sec'y of Health & Human Servs.*, No. 15-718V, 2016 WL 7574815, at *3 (Fed. Cl. Spec. Mstr. Nov. 16, 2016). Other special masters have awarded forum rates to these attorneys, as well. *See, e.g., Henry v. Sec'y of Health & Human Servs.*, No. 15-545V, 2016 WL 7189925 (Fed. Cl. Spec. Mstr. Nov. 4, 2016). The hourly rates I awarded in *Wilson* and *Pancoast* to the attorneys who worked on this matter, as well as the paralegals, are the same as those requested herein, and I will likewise award them.[4]

Additionally, the hours expended on this matter appear to be reasonable. This case has been pending since October 2015, although counsel began working on the matter approximately four months prior to filing. Mr. McLaren spent 52.4 hours on the case, Mr. Cochran performed 36.1 hours of work, and Mr. Webb expended 5.3 hours on the matter. The paralegals contributed 63.7 hours of work, as well. Ex. 2 to Interim Fees App. at 20. I do not find any particular entries to be objectionable, nor has Respondent identified any as such. Therefore, these hours will be reimbursed in full.

### III.    Challenges to Requested Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira*, 27 Fed. Cl. at 34; *Presault*, 52 Fed. Cl. at 670. Such costs include expert time incurred while working on a case. *Fester*, 2013 WL 5367670, at *16. When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g., Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner's requested litigation costs include the time of her expert, Dr. Gershwin, who charged an hourly rate of $450 for 35.25 hours of work. Ex. 2 to Fees App. at 40, 44-45. This rate has been awarded to Dr. Gershwin previously. *I.H. v. Sec'y of Health & Human Servs.*, No. 13-766V, 2016 WL 7666536, at *2 (Fed. Cl. Spec. Mstr. Dec. 16, 2016). However, I will not award

---

[4] Petitioner also requests $155 per hour for 5.2 hours of paralegal work performed in 2017. Petitioner has not defended this increase in hourly rates for 2017 from the previously-awarded rate of $145 for 2016, and I do not find it consistent with the hourly rate ranges for paralegal work as set forth in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). However, Respondent did not object to this increased rate. I will award it herein, but this decision does not constitute specific approval of this requested rate for 2017 paralegal work in future fee applications.

5

these sums at this juncture. This is in part due to the fact that the expert's value to the case is best determined after the expert has testified. *Bell v. Sec'y of Health & Human Servs.*, No. 13-709, 2015 WL 10434882, at *3-4 (Fed. Cl. Spec. Mstr. Nov. 10, 2015). Instead, immediately after the hearing (at which time I can better judge the value that Petitioner's expert added to the case's resolution), Petitioner may renew the present request, supplementing it with statements or invoices reflecting any additional expert costs that have been incurred. Therefore, I defer resolution of this aspect of Petitioner's motion until after the hearing. *See, e.g., Auch*, 2016 WL 3944701, at *16-17; *Roberts v. Sec'y of Health & Human Servs.*, No. 09-427V, 2013 WL 2284989 (Fed. Cl. Spec. Mstr. Apr. 30, 2013) (granting interim award of expert costs after conclusion of hearing but before issuance of entitlement decision). I will otherwise award $3,148.03 in costs, representing payments made for medical records and filing fees.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, I **GRANT IN PART** Petitioner's Motion for Interim Attorney's Fees. I award a total of **$48,802.03** in interim fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Michael McLaren, Esq., representing attorney's fees in the amount of $45,654.00, plus costs in the amount of $3,148.03.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

                                              s/ Brian H. Corcoran
                                              Brian H. Corcoran
                                              Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.