# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 15-1169V
### (not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * * * * *
                                              *
RAMONA KNORR,                                 *        Special Master Corcoran
                                              *
                                              *
              Petitioner,                     *        Filed: March 18, 2019
                                              *
      v.                                      *        Decision; Attorney's Fees and Costs.
                                              *
                                              *
SECRETARY OF HEALTH AND                       *
HUMAN SERVICES,                               *
                                              *
              Respondent.                     *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Michael G. McLaren*, Conway, Black McLaren, PC, Memphis, TN, for Petitioner.

*Sarah C. Duncan*, U. S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART FINAL ATTORNEY'S FEES AND COSTS[1]

On October 9, 2015, Ramona Knorr filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered from several injuries, including hearing loss, microscopic polyangiitis ("MPA") with renal failure, and polyneuropathy, as a result of receiving doses of the influenza ("flu") vaccine on November 7, 2012, and October 8, 2013, respectively. Petition (ECF No. 1) at 1. The matter was tried on October

---

[1] Although this Decision has not been designated for publication, it will nevertheless be posted on the United States Court of Federal Claims' website, and in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published ruling's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire Decision will be available in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

26-67, 2017 (ECF No. 23), after which I issued a decision denying entitlement on December 7, 2018. ECF No. 75.

Prior to my resolution of the case, counsel filed two requests for interim fees and costs, which I granted. *See* Decision, filed Dec. 11, 2017 (ECF No. 64) (awarding interim expert costs in the amount of $35,066.74); Decision, filed Apr. 11, 2017 (ECF No. 31) (awarding interim fees and costs in the amount of $48,802.03).

Petitioner has now filed a third (and final) motion requesting attorney's fees and costs. *See* Motion for Attorney's Fees, dated Feb. 7, 2019 (ECF No. 79) ("Final Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the total amount of $127,655.31 (representing $112,735.30 in attorney's fees, plus $14,920.01 in costs). *Id.* at 1-2. The attorney's fees requested were incurred between February 2017 and February 2019 (at which time the present fees motion was prepared). *See generally* Ex. 1 to Final Fees App at 1-25. The total costs requested include the usual litigation-associated costs (copying/mailing, travel expenses, medical records requests), plus remaining fees incurred by Petitioner's opining expert, Dr. Eric Gershwin (totaling $8,212.50)). *Id.* at 25-26, 61-62. In accordance with General Order No. 9, Petitioner indicated that her expenses totaled $2,167.24. *See* Final Fees App. at 12; Ex. 2 to Final Fees App. at 1-2. Petitioner's personal costs included additional medical record requests, travel expenses, and mailing/postage costs. *See* Ex. 1 to Final Fees App. at 25-26; Ex. 2 to Final Fees App. at 2-3.

Respondent filed a document reacting to the fees request on February 21, 2019, stating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. *See* Response, dated Feb. 21, 2019 (ECF No. 80) at 2, 4.

Determining the appropriate amount of a fees and costs award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[3] on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health &*

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349,

*Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera,* 515 F.3d at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioner's fee application includes attorney billing records that indicate that the work performed in this case has been divided among several Black McLaren Firm attorneys – Mr. McLaren, Mr. Cochran, and Mr. Webb – plus some firm paralegals and law clerks. *See* Final Fees App. at 11. Petitioner's fees application requests compensation for the Black McLaren Firm, in the total sum of $112,735.30, for work performed from February 2017 to February 2019, at hourly rates of $440-456 for Mr. McLaren, $365-391 for Mr. Cochran, $315-338 for Mr. Webb, $148-159 for law clerks, and $145-155 for the paralegals. *Id.*

I have determined in prior cases that the Black McLaren Firm is entitled to forum rates, and I find herein as well that the hourly rates requested are reasonable, and in accordance with the Vaccine Program forum-rate guidelines. *See, e.g.*, *Thomas v. Sec'y of Health & Human Servs.,* No. 16-1628V, 2017 WL 7510707 (Fed. Cl. Spec. Mstr. Dec. 18, 2017); *Wilson v. Sec'y of Health & Human Servs.*, No. 15-521V, 2017 WL 1713104 (Fed. Cl. Spec. Mstr. Mar. 29, 2017); *Pancoast v. Sec'y of Health & Human Servs.*, No. 15-718V, 2016 WL 7574815, at *3 (Fed. Cl. Spec. Mstr. Nov. 16, 2016). The rates requested in this case are consistent with those awarded to the same counsel in previous Program decisions. *See, e.g.*, *Wilson v. Sec'y of Health & Human Servs.*, No. 15-521V, slip op. (Fed. Cl. Spec. Mstr. Mar. 1, 2019). The above-noted requested rates are also in keeping with the Office of Special Masters Guidelines.[4] I will award the rates requested herein without reduction. I also find that the additional work performed on this matter was appropriate, and will therefore award all time billed.

Upon my review of the billing record, the majority of the costs expended on this matter by Petitioner and counsel also appear to be reasonable. I will, however, reduce Petitioner's expenses related to hotel room charges incurred while in Washington, DC for the entitlement hearing. Based on my review of counsel's receipts, it appears that counsel booked hotel rooms at various base rates for both counsel and Petitioner (ranging from $438.84 for Petitioner for three nights, $459.00 for Mr. McLaren for two nights, and $379.05 for Mr. Cochran for two nights). *See* Ex. 1 to Final Fees App. at 35, 41, 52. Recent Program caselaw, however, has found $300.00 per night to be an appropriate rate for a per-night stay in the DC area (within a reasonable distance from the court).

---

(citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

[4] *See* Office of Special Masters Attorneys' Hourly Rate Fee Schedule: 2018-2019, https://www.uscfc.gov/node/2914 (last accessed on Mar. 14, 2019).

*See, e.g.*, *Van Vessem v. Sec'y of Health & Human Servs.*, No. 11-132V, 2018 WL 3989517, at *9-10 (Fed. Cl. Spec. Mstr. July 3, 2018); *Salmins v. Sec'y of Health & Human Servs.*, No. 11-140V, 2016 WL 806175, at *4 (Fed. Cl. Spec. Mstr. Feb. 10, 2016). Accordingly, I will award Petitioner only $300.00 per night for the rooms booked, thereby reducing the fee award by **$892.62**.

Dr. Gershwin's rate is consistent with that awarded to him in past Program decisions (as well as my decision awarding interim fees associated with this matter). *See, e.g.*, *Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 6942529 (Fed. Cl. Spec. Mstr. Dec. 11, 2017). I find the hours billed by Dr. Gershwin to be appropriate as well (with some of the time incurred in direct response to my request for additional expert input). The remainder of Petitioner's costs appear to be reasonable, and Respondent did not identify any entries as objectionable. Apart from the reduction noted above, I will award Petitioner the full costs requested herein.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of a fees awards, and based on the foregoing, I hereby **GRANT IN PART** Petitioner's motion, and award a total of **$126,762.69** (representing $112,735.30 in attorney's fees, plus $14,027.39 in costs), in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Michael McLaren, Esq. In addition, a separate check payable solely to Petitioner in the amount of **$2,167.24** shall also be issued. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

4